IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–01147–LTB–KMT
  (Consolidated with Civil Action Nos. 09–cv–01218–LTB–KMT;
  09–cv–01313–LTB–KMT; 09–cv–01352–LTB–KMT; and 09–cv–01553–LTB–KMT)

JAMES BRAXTON,
TROY GRAVES,
RONALD JOHNSON,
PAUL PALECEK, and
MICHAEL DAVID JOHNSON,

  Plaintiffs,

v.

ARISTEDES ZAVARAS, THE EXECUTIVE DIRECTOR OF THE C.D.O.C.,
KEVIN MILYARD,
TERRY BARTRUFF,
LLOYD WAIDE,
JEFF REVORD,
RAYMOND HIGGINS,
GARY LITTLE,
ROBERT KEISEL,
SHAWN REWOLT,
ASSOCIATE WARDEN CAROL SOARES,
MAJOR MARY COX-BERGMAN, and
UNKNOWN JOHN AND JANE DOES (MANAGEMENT TEAM MEMBERS AND SERT
TEAM MEMBERS);
ALL IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES,

  Defendants.

## ORDER

  This matter is before the court on "Plaintiff, Michael David Johnson's Motion to Amend Complaint" (Doc. No. 51, filed November 6, 2009). It appears Plaintiff wants to amend his complaint to add factual allegations.

The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires. Fed. R. Civ. P. 15(a). Although the federal rules permit and require liberal construction and amendment of pleadings, the rules do not grant the parties unlimited rights of amendment. A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

When seeking leave of the court to amend a complaint, the motion to amend must detail the proposed amendments and the reasons why such amendments are necessary. In addition, the plaintiff must attach the proposed amended complaint to the motion. The proposed amended complaint must stand alone; it must contain all of the plaintiff's claims. Here, the plaintiff does not detail why additional factual allegations are necessary, nor does he attach a proposed amended complaint to his motion. As a result, it is impossible to determine if the proposed amendment is permissible. Therefore, it is

ORDERED that Plaintiff's motion (Doc. No. 51) is DENIED without prejudice.

Dated this 23rd day of November, 2009.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge