IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–01147–LTB–KMT
    (Consolidated with Civil Action Nos. 09–cv–01218–LTB–KMT;
    09–cv–01313–LTB–KMT; 09–cv–01352–LTB–KMT; and 09–cv–01553–LTB–KMT)

JAMES BRAXTON,
TROY GRAVES,
RONALD JOHNSON,
PAUL PALECEK, and
MICHAEL DAVID JOHNSON,

    Plaintiffs,

v.

ARISTEDES ZAVARAS, THE EXECUTIVE DIRECTOR OF THE C.D.O.C.,
KEVIN MILYARD,
TERRY BARTRUFF,
LLOYD WAIDE,
JEFF REVORD,
RAYMOND HIGGINS,
GARY LITTLE,
ROBERT KEISEL,
SHAWN REWOLT,
ASSOCIATE WARDEN CAROL SOARES,
MAJOR MARY COX-BERGMAN, and
UNKNOWN JOHN AND JANE DOES (MANAGEMENT TEAM MEMBERS AND SERT
TEAM MEMBERS);
ALL IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES,

    Defendants.

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Magistrate Judge Kathleen M. Tafoya**

    This case involves claims that Defendants violated Plaintiffs' Fourth and Eighth

Amendment rights and that Defendants engaged in conspiracy and torture under 18 U.S.C. §§

241 and 2340. This matter is before the court on the following motions: (1) Defendants' "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 18 filed in Case No. 09-cv-01147 on August 21, 2009 [hereinafter "Mot. to Dismiss Braxton's Compl."]); (2) Defendants' "Motion to Dismiss Complaint Filed by Plaintiff Palececk Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 26 filed in Case No. 09-cv-01147 on September 25, 2009 [hereinafter "Mot. to Dismiss Palececk's Compl."]); (3) Defendants' "Motion to Dismiss Complaint Filed by Plaintiff Michael Johnson (Doc. No. 28 filed in Case No. 09-cv-01147 on September 28, 2009 [hereinafter "Mot. to Dismiss Michael Johnson's Compl."]); (4) Defendants' "Motion to Dismiss" (Doc. No. 15 filed in Case No. 09-cv-01313 on August 25, 2009 [hereinafter "Mot. to Dismiss Ronald Johnson's Compl."]); and (5) Defendants' "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 24 filed in Case No. 09-cv-01218 on September 14, 2009 [hereinafter "Mot. to Dismiss Graves' Compl."])[1]. Jurisdiction is asserted under 28 U.S.C. § 1343 (2009).

## STATEMENT OF THE CASE

The following facts are taken from Plaintiffs' Prisoner Complaints and the parties' submissions with respect to this Recommendation. The plaintiffs currently are incarcerated at the Sterling Correctional Facility ("SCF") of the Colorado Department of Corrections ("CDOC"). The consolidated Plaintiffs have named as defendants Aristedes Zavaras, the Executive Director of the Colorado Department of Corrections; Kevin Milyard, the warden at

---

[1] The motions to dismiss hereinafter will be referred to collectively as "Defs.' Mots. to Dismiss."

SCF; Terry Bartruff, the associate warden at SCF; Lloyd Waide, the custody and control major at SCF; Jeff Revord, a major and incident commander at SCF; Raymond Higgins, Commander of the SCF Emergency Response Team; Gary Little, an SCF correctional officer; Robert Keisel, Captain and Staff Duty Officer at SCF; Shawn Rewoldt, an SCF Emergency Response Team Officer; Carol Soares, associate warden at SCF; and Mary Cox-Bergman, a major at SCF. (*See* Compls., Doc. No. 3 in Case No. 09-cv-01147; Doc. No. 3 in 09-cv-01218; Doc. No. 12 in Case No. 09-cv-01313; Doc. No. 3 in Case No. 09-cv-01352; Doc. No. 3 in Case No. 09-cv-01553.) Plaintiffs allege that on August 1, 2006, Defendants conducted a public strip search during which the plaintiffs were forced to expose themselves to the view of both assembled prison inmates and prison staff, including women, sex offenders, and homosexuals. (*Id.*) Plaintiffs assert four claims in their Complaints: (1) that the defendants violated their Fourth Amendment right to privacy and protection against unnecessary and unreasonable search and seizure when the defendants subjected Plaintiffs to the strip search; (2) that the public nature of the strip search constituted a violation of their Eighth Amendment protections against unnecessary and wanton infliction of pain; (3) that the defendants conspired to deprive them of their civil rights; and (4) that the defendants "tortured" the plaintiffs in an effort to humiliate, demoralize, intimidate, and instill fear in them. (*Id.*) Plaintiffs seek injunctive and declaratory relief, punitive damages, and compensatory damages. (*Id.*)

      Defendants move for dismissal of Plaintiffs' complaints on the bases that (1) Plaintiffs' claims are barred by the two-year statute of limitations; (2) Defendants are immune from liability

in their official capacities; and (3) Plaintiffs fail to state a claim upon which relief can be granted. (Defs.' Mots. to Dismiss.)

## PROCEDURAL HISTORY

Plaintiff James Braxton filed his Complaint on May 19, 2009. (Doc. No. 3 in Case No. 09-cv-01147.) Plaintiff Graves filed his Complaint on May 27, 2009. (Doc. No. 3 in 09-cv-01218.) Plaintiff Ronald Johnson filed his original Complaint on June 4, 2009 (Doc. No. 3 in Case No. 09-cv-01313) and his Amended Complaint on July 10, 2009 (Doc. No. 12 in Case No. 09-cv-01313). Plaintiff Palececk filed his Complaint on June 10, 2009. (Doc. No. 3 in Case No. 09-cv-01352.) Plaintiff Michael Johnson filed his Complaint on July 1, 2009. (Doc. No. 3 in Case No. 09-cv-01553.) Defendants filed motions to dismiss each of the plaintiffs' Complaints (Defs.' Mots. to Dismiss), and each of the plaintiffs except Plaintiff Graves filed responses (Doc. Nos. 22, 34 and 56 in Case No. 09-cv-01147; Doc. No. 23 in Case No. 09-cv-01313). Defendants filed timely replies. (Doc. Nos. 32, 46 and 59 in Case No. 09-cv-01147.) The motions to dismiss are ripe for review and recommendation.

On September 25, 2009, Judge Babcock granted Defendants' Motion to Consolidate Cases (Doc. No. 14 in Case No. 09-cv-01147), consolidating Civil Action Nos. 09–cv–01218–LTB–KMT; 09–cv–01313–LTB–KMT; 09–cv–01352–LTB–KMT; and 09–cv–01553–LTB–KMT (Doc. No 24 in 09-cv-01147).

## STANDARD OF REVIEW

*1.* **Pro Se** *Plaintiffs*

Plaintiffs are proceeding *pro se*. The court, therefore, "review[s] [their] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). Plaintiffs' *pro se* status does not entitle them to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

*2.* *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6)

(2007).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."  *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  The *Iqbal* evaluation requires two prongs of analysis.  First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory.  *Id*. at 1949–51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief."  *Id*. at 1951.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments.  *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).  "[T]he tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*,129 S. Ct. at 1949 (citation omitted).

**ANALYSIS**

*1.     Statute of Limitations*

Defendants assert Plaintiffs' claims are barred by the statute of limitations.  Title 42 U.S.C. § 1983 contains no statute of limitations.  Although state law governs the length of the statute of limitations, the characterization of the claim for the purpose of determining the applicable statute of limitations is a federal question. *Wilson v. Garcia*, 471 U.S. 261, 268–69 (1985).  "[A] simple, broad characterization of all § 1983 claims best fits the statute's remedial purpose" and these claims are best characterized as personal injury actions. *Id.* at 272, 280. Where a state has multiple statutes of limitations for personal injury actions, the residual or general personal injury statute of limitations applies. *Owens v. Okure*, 488 U.S. 235, 236 (1989). The relevant statute of limitations in Colorado is provided in Colo. Rev. Stat. § 13–80–102.  "All actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" as well as "[a]ll other actions of every kind for which no other period of

limitation is provided" must be commenced within two years after the cause of action accrues, if at all.  Colo. Rev. Stat. § 13-80-102(1)(g), (i).  The determination of when a § 1983 claim accrues is governed by federal law.  *Wallace v. Kato*, 127 S. Ct. 1091, 1095, *rehearing denied*, 127 S. Ct. 2090 (2007).  For the purpose of the statute of limitations, a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Johnson v. Johnson County Com'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991).

Plaintiffs' claims arise from a strip search that occurred on August 1, 2006.  Plaintiffs knew or had reason to know of their alleged injuries, and therefore the statute of limitations began to run, on August 1, 2006.  Accordingly, the statute of limitations expired two years later, on August 1, 2008.  The earliest of Plaintiffs' Complaints was filed by Plaintiff James Braxton filed on May 19, 2009, nearly ten months after the statute of limitations had expired.  (Doc. No. 3 in Case No. 09-cv-01147.)  The latest of Plaintiffs' Complaints was filed by Plaintiff Michael Johnson on July 1, 2009, eleven months after the statute of limitations had expired.  (Doc. No. 3 in Case No. 09-cv-01553.)

Plaintiffs do not dispute that their claims accrued on August 1, 2006.  Rather, Plaintiffs argue that the statute of limitations was tolled until they received responses to their Step 3 grievances.  Like the length of statutes of limitation for section 1983 claims, federal courts refer to state law for tolling rules.  *See Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995).  Colo. Rev. Stat. § 13-81-103 provides for the tolling of any limitations period for the commencement of an action by any person suffering from a disability and provides that unrepresented persons with a disability may bring an action up to two years after the disability terminates.  *Neiberger v.*

*Hawkins*, 208 F.R.D. 301, 311 (D. Colo. 2002). In this case, Plaintiffs have not asserted they are mentally incompetent or that they have any other legal disability. In addition, "[n]o Colorado court has held that an imprisoned person fell into the 'other legal disability' category." *Fogle v. Pierson*, 435 F.3d 1252, 1258 n.2 (10th Cir. 2006).

In addition to Colorado's statutory tolling provisions, Colorado case law recognizes the doctrine of equitable tolling, but limits it "to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Brodeur v. Am. Home Assurance Co.*, 169 P.3d 139, 149 (Colo. 2007) (citation and internal quotation marks omitted). Colorado courts hold that the doctrine is "not favored," and the Colorado Supreme Court "has never found" the requisite "extraordinary circumstances" to exist. *Olson v. State Farm Mut. Auto. Ins. Co.*, 174 P.3d 849, 858 (Colo. App. 2007); *Brodeur*, 169 P.3d at 150.

> Pursuant to the Prison Litigation Reform Act ("PLRA"),
>
> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2009). It is undisputed that CDOC Regulation 850-04 sets forth a three-step grievance process for inmate grievances and that inmates must timely file step 1, 2, and 3 grievances on a specific issue to exhaust their administrative remedies. (*See* Doc. No. 32 at 2–3.) Plaintiffs Braxton, Ronald Johnson, Palececk, and Michael Johnson state that their step 3 grievances were denied on May 24, 2007; June 21, 2007; July 5, 2007; and July 19, 2007

respectively. (Doc. No. 22 at 6 in Case No. 09-cv-01147; Doc. No. 23 at 6 in Case No. 09-cv-01313; Doc. Nos. 34 at 6 and 56 at 3 in Case No. 09-cv-01147, respectively.) Each of these plaintiffs argues that the statute of limitations did not run until after he received the denial of his step 3 grievance. (*Id.*)

In a recent unpublished decision, the Tenth Circuit Court of Appeals concluded that time spent pursuing exhaustion of administrative remedies in a prisoner civil rights litigation context did not automatically toll the two-year Colorado statute of limitations. *See Rosales v. Ortiz*, 325 Fed. App'x 695, 699 (10th Cir. 2009). The plaintiff in Rosales sought to toll the statute of limitations in his federal civil rights action on the grounds that the two-year statute of limitations should only run after he completed his administrative remedies, but the Tenth Circuit Court of Appeals disagreed, finding that at the time plaintiff exhausted his administrative remedies, at least six months remained of the original two-year limitations period. *Id.* Under the circumstances of that case, the court found that the plaintiff's own lack of diligence in filing his lawsuit after the conclusion of his administrative remedies process did not warrant application of equitable tolling under Colorado law. *Id.*

In this case, at the conclusion of the plaintiffs' administrative remedies process, each plaintiff had ample time — at least one full year — before the original two-year limitations would have run to file his civil action. Instead, Plaintiff Braxton waited more than an additional ten months beyond the original two-year limitations to file his case, while Plaintiff Michael Johnson waited an additional eleven months, and Plaintiffs Ronald Johnson and Palececk waited more than an additional eleven months. None of the plaintiffs has alleged any extraordinary

circumstances or any conduct by Defendants after denial of the step 3 grievances that prevented them from asserting their claims in this case. As such, *Rosales* decision requires a finding that there is no equitable or legal reason to toll the applicable statute of limitations. Accordingly, Plaintiffs' claims are barred by the statute of limitations and are properly dismissed with prejudice.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that

(1)     Defendants' "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 18 filed in Case No. 09-cv-01147) be GRANTED;

(2)     Defendants' "Motion to Dismiss Complaint Filed by Plaintiff Palececk Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 26 filed in Case No. 09-cv-01147) be GRANTED;

(3)     Defendants' "Motion to Dismiss Complaint Filed by Plaintiff Michael Johnson (Doc. No. 28 filed in Case No. 09-cv-01147) be GRANTED;

(4)     Defendants' "Motion to Dismiss" (Doc. No. 15 filed in Case No. 09-cv-01313) be GRANTED;

(5)     Defendants' "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 24 filed in Case No. 09-cv-01218) be GRANTED; and

(6)     Plaintiffs' claims be dismissed in their entirety, with prejudice, for failure to state a claim upon which relief can be granted.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those

portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 11th day of December, 2009.

**BY THE COURT:**

_[signature]_

Kathleen M. Tafoya
United States Magistrate Judge