**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**LEWIS T. BABCOCK, JUDGE**

Civil Case No. 09-cv-01147-LTB-KMT (Consolidated with Civil Action Nos. 09-cv-01218-LTB-KMT; 09-cv-01313-LTB-KMT: 09-cv-01352-LTB-KMT; and 09-cv-01553-LTB-KMT)

JAMES BRAXTON,
TROY GRAVES,
RONALD JOHNSON,
PAUL PALECECK, and
MICHAEL DAVID JOHNSON,

        Plaintiffs,

v.

ARISTEDES ZAVARAS, THE EXECUTIVE DIRECTOR OF THE C.D.O.C.,
KEVIN MILYARD,
TERRY BARTRUFF,
LLOYD WAIDE,
JEFF REVORD,
RAYMOND HIGGINS,
GARY LITTLE,
ROBERT KEISEL,
SHAWN REWOLDT,
ASSOCIATE WARDEN CAROL SOARES,
MAJOR MARY OX-BERGMAN, and
UNKNOWN JOHN AND JANE DOES (MANAGEMENT TEAM MEMBERS AND SERT TEAM MEMBERS);
ALL IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES,

        Defendants.

---

## ORDER

---

This consolidated civil action is before me on three Recommendations of the Magistrate Judge (Docs 28, 30, and 60) in each of which the Magistrate Judge recommends as follows: (1) Defendants' "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc 18 filed in Case No. 09-cv-01147) be granted; (2) Defendants' Motion to Dismiss Complaint Filed by Plaintiff Palececk Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc 26 filed in Case No. 09-cv-01147) be granted; (3)

Defendants' Motion to Dismiss Complaint filed by Plaintiff Michael Johnson (Doc 28 filed in Case No. 09-cv-01147) be granted; (4) Defendants' Motion to Dismiss (Doc 15 filed in Case No. 09-cv-01313) be granted; (5) Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc 24 filed in Case No. 09-cv-01218) be granted; and (6) Plaintiffs' claims be dismissed in their entirety with prejudice for failure to state a claim upon which relief can be granted.

Plaintiffs James Braxton, Troy Graves, Ronald Johnson, and Paul Palecek have filed timely written objections to the Magistrate Judge's Recommendations.  Plaintiff Michael David Johnson has filed timely concurrence with the specific objections filed by Plaintiffs Braxton, Graves, Johnson, and Palecek.  Defendants have filed their response to Plaintiffs' joint objection.

The Plaintiffs' objections run to the Magistrate Judge's analysis and conclusion that the Plaintiffs' claims are barred by the statute of limitations.  The Plaintiffs argue that the statute of limitations was tolled during their mandatory completion of the Colorado State Prison Grievance process required to be completed before filing a § 1983 lawsuit pursuant to the Prison Litigation Reform Act.  They further contend that C.R.S. § 13-17.5-104 supports their tolling argument.  Finally, Plaintiffs contend that approval of the Magistrate Judge's Recommendation will result in a violation of the Fourteenth Amendment to the United States Constitution.

First, Plaintiffs have had fair notice and opportunity to fully present their position with regard to tolling of the statute of limitations.  *See Day v. McDonough*, 547 U.S. 198, 209 (2006); *Arroyo v. Starks (N.A. 08-3121*, 10th Cir., December 16, 2009).

I have reviewed the Magistrate Judge's Recommendations *de novo* in light of their objections, the Defendants' response, and the file and record in this case.  On *de novo* review, I conclude that the Recommendations are correct.

First, C.R.S. § 13-17.5-104 pertains to a stay of a civil action during the pendency of a Federal civil action or grievance procedure rather than a tolling of the statute of limitations.  Nor does the record in this case reflect that any Plaintiff might be entitled to tolling pursuant to C.R.S.

§ 13-81-103.  Importantly, although not selected for official publication, I find the Tenth Circuit Court of Appeals reasoning in *Rosales v. Ortiz*, 325 Fed. App'x 659, 699 (10th Cir. 2009) persuasive. There the Tenth Circuit Court of Appeals determined that the time spent pursuing exhaustion of administrative remedies in a prisoner civil rights litigation context did not automatically toll the two-year Colorado statute of limitations.

Finally, I discern from the record no basis to recognize and apply the doctrine of equitable tolling in this case.  In this light then, I also discern no due process or equal protection violation pursuant to the Fourteenth Amendment to the United States Constitution.

Accordingly,

IT IS ORDERED as follows:

(1)     Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc 18 filed in Case No. 09-cv-01147) is GRANTED;

(2)     Defendants' Motion to Dismiss Complaint Filed by Plaintiff Palecek Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc 26 filed in Case No. 09-cv-01147) (Plaintiff Palecek has joined the objections to the Magistrate Judge's Recommendations filed by Plaintiffs Braxton, Graves, and Johnson) is GRANTED;

(3)     Defendants' Motion to Dismiss Complaint filed by Plaintiff Michael Johnson (Doc 28 filed in Case No. 09-cv-01147) (he too joins the objections to the Magistrate Judge's Recommendations) is GRANTED;

(4)     Defendants' Motion to Dismiss (Doc 15 filed in Case No. 09-cv-01313) is GRANTED;

(5)     Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc 24 filed in Case No. 09-cv-01218) is GRANTED; and

(6)      The above action is DISMISSED IN ITS ENTIRETY.

                                        BY THE COURT:


                                        ___s/Lewis T. Babcock_____
                                        Lewis T. Babcock, Judge

DATED:      February 1, 2010